IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:20-CV-211-A |
| P.C. CONTRACTORS, LLC, ET AL., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Reytech Services, LLC ("Reytech") for summary judgment. The court, having considered the motion, the response of plaintiff, Philadelphia Indemnity Insurance Company, the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiff's Claims

On March 18, 2020, plaintiff filed its original complaint. Doc.[1] 1. In it, plaintiff alleges:

On or about November 29, 2011, it entered into an indemnity agreement with defendants P.C. Contractors, LLC, ("PC") and John Douglas Chase Patterson ("Patterson")(the "PC agreement"). Doc.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this case.

1 ¶ 8. On October 9, 2013, Reytech, PC, and Patterson executed an additional general indemnity agreement on its behalf as surety (the "Reytech agreement") Id. Plaintiff issued bonds on behalf of PC and PC, Patterson, and Reytech have refused to indemnify it as required by their agreements.

Plaintiff asserts claims for breach of the indemnity agreements against all defendants and for common law indemnity against PC.

II.

Grounds of the Motion

Reytech says that plaintiff cannot establish its breach of contract claim. It argues first that it is not obligated to indemnify plaintiff under either of the indemnity agreements described in the complaint. It additionally argues that it entered into a new general indemnity agreement with plaintiff in 2016 that replaced the original agreement between them (the "replacement Reytech agreement"), and, for several reasons, it cannot be liable to plaintiff under the replacement Reytech agreement in any event.

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or

2

defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi

3

Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

As Reytech notes, and plaintiff does not dispute, Reytech is not named in, and is not a party to, the PC agreement. Doc. 45, Ex. B. In the Reytech agreement, Reytech is identified as the principal on the first page of the document. Doc. 45 at 029. The definition of principal is:

> (i) Reytech Services, LLC ; (ii) any present or future, direct or indirect, subsidiary, successor, affiliate, or parent of any Indemnitor or Principal; and (iii) any other entity or person in response to a request from any Indemnitor or Principal named herein, and, as to all of the foregoing, whether they act alone or in

4

   joint venture with others, whether or not said others are named herein.

Id. The signature blocks on the Reytech agreement reflect that all three defendants signed as "Principal/Indemnitor." Id. at 035.

  Reytech argues that since it is the named principal in the Reytech agreement, it cannot be liable for bonds issued on behalf of PC as principal. But, Reytech has made no attempt to show that PC does not fit the definition of principal on the first page of the agreement. And, pursuant to the terms of the agreement, Reytech is an indemnitor thereunder. Thus, the first ground of the motion must be denied.

  Reytech next argues that it cannot be held liable under the Reytech agreement because that agreement was superseded by the replacement Reytech agreement. However, the argument suffers from the same defect as before. The definitions of principal and indemnitor are extremely broad and easily encompass bonds issued on PC's behalf.[2] Doc. 45 at 005. Reytech has not shown that the parties intended the Reytech agreement to be merged into the replacement Reytech agreement such that it would no longer have any obligation to indemnify plaintiff on the PC bonds. See Kona

---

[2] The term "principal" includes "Any Persons for whom Bond(s) are issued by Surety, whether by such Persons' own request or at the request of any Indemnitor . . . " Doc. 45 at 005.

Tech. Corp. v. S. Pac. Transp. Co., 225 F.3d 595, 612 (5th Cir. 2000).

IV.

Order

The court ORDERS that Reytech's motion for summary judgment be, and is hereby, denied.

SIGNED August 13, 2020.

_____
JOHN McBRYDE
United States District Judge

6