IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 3 0 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| VS. § | NO. 4:20-CV-211-A |
| § | |
| P.C. CONTRACTORS, LLC, ET AL., § § | |
| Defendants. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Philadelphia Indemnity Insurance Company, for summary judgment. The court, having considered the motion, the response of defendant Reytech Services, LLC ("Reytech"), the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

As explained in the court's August 13, 2020 memorandum opinion and order, Doc.[1] 55, this is an action by a surety to recover on bonds it issued on behalf of defendants P.C. Contractors, LLC ("PC"), and John Douglas Chase Patterson ("Patterson"), who are in default, Doc. 21, and against whom

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

judgment has already been entered. Docs. 27 & 28. The pertinent agreement here is a general indemnity agreement executed October 9, 2013, by Reytech, PC, and Patterson on behalf of plaintiff as surety (the "Reytech agreement"). Plaintiff alleges that Reytech has breached the Reytech agreement.

II.

Ground of the Motion

Plaintiff maintains that Reytech is obligated to indemnify it under the Reytech agreement for bonds issued on behalf of PC and Patterson.

III.

Summary Judgment Principles

The applicable summary judgment principles are set forth in the August 13, 2020 memorandum opinion and order and need not be repeated here. Doc. 55.

IV.

Analysis

As noted in the August 13, 2020 memorandum opinion and order, the definition of principal in the Reytech agreement is as follows:

> (i) Reytech Services, LLC ; (ii) any present or
> future, direct or indirect, subsidiary, successor,
> affiliate, or parent of any Indemnitor or Principal;
> and (iii) any other entity or person in response to a
> request from any Indemnitor or Principal named herein,

2

> and, as to all of the foregoing, whether they act alone or in joint venture with others, whether or not said others are named herein.

Doc. 55 at 4-5. The signature blocks on the Reytech agreement reflect that all three defendants, Reytech, PC, and Patterson, signed as "Principal/Indemnitor." Id. at 5. Plaintiff has established that it issued the bonds the subject of this action based on Reytech's agreement to indemnify it in the Reytech agreement. Reytech has presented evidence that PC did not make any request of Reytech. Doc. 63 at 003. It has not shown that PC did not request plaintiff to issue bonds on its behalf or that Patterson did not do so. Even Reytech recognizes that PC and Patterson are indemnitors under the Reytech agreement. Thus, they each had the authority to request plaintiff to issue bonds, which it did. And, pursuant to the definition of "principal" under the agreement, the entity on whose behalf bonds were issued, in this case PC, became a principal.[2]

Reytech argues that the Reytech agreement was replaced by a subsequent indemnity agreement between it and plaintiff. That agreement was signed February 5, 2016, after issuance of the bonds in controversy here. Doc. 63 at 22. The Reytech agreement provides that any indemnitor wishing to terminate that agreement

---

[2] Despite Reytech's arguments to the contrary, it ultimately recognizes that persons who qualify as a "Principal" under the Reytech agreement are "Reytech, its affiliates, or parties acting on request from Reytech *or an Indemnitor*." Doc. 62 at 11 (emphasis added).

3

must give plaintiff written notice by registered mail at least thirty days prior to termination. Id. at 10. There is no evidence that such notice was given. Further, and in any event, the language of the subsequent agreement is broad enough to encompass bonds issued on behalf of PC. Id. at 16-22.

The Reytech agreement provides that Reytech agrees to indemnify and hold harmless plaintiff from and against any loss sustained or incurred as a result of executing any bond or as a result of the failure of any principal or indemnitor to comply with the Reytech agreement. Doc. 60 at 009, ¶ 3. Further, Reytech agreed to accept vouchers, sworn itemizations, or other evidence of payments by plaintiff as prima facie evidence of the fact and extent of liability. Id. Plaintiff has the exclusive right to pay claims or contest them. Id. at 011, ¶ 9. The terms of the Reytech agreement are clear and unambiguous and preclude Reytech's affirmative defenses like failure to mitigate damages. Travelers Cas. & Sur. Co. of Am. v. James, No. 3:15-CV-1999-N, 2016 WL 9306254, at *5 (N.D. Tex. Oct. 5, 2016) (citing Engbrock v. Federal Ins. Co., 370 F.2d 784, 786 (5th Cir. 1967)). Here, Reytech has not come forward with any evidence of fraud or lack of good faith on the part of plaintiff. Plaintiff has established its loss in the amount of $1,929,852.09, plus prejudgment interest in the amount of $289,168.34.

V.

Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, granted, and that plaintiff have and recover from Reytech the sum of $2,219,020.43, plus post-judgment interest thereon at the rate of .11%, computed daily on the unpaid balance from the date of entry of this judgment until the full amount of the judgment is paid, and compounded annually.

SIGNED November 30, 2020.

_____
JOHN MCBRYDE
United States District Judge